UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 1:13-cr-10024

==============================

UNITED STATES OF AMERICA

v.

MARK J. ZIMNY,
Defendant.

---

OPPOSITION TO GOVERNMENT'S
MOTION TO REVOKE CONDITIONS OF RELEASE
AND FOR ORDER OF DETENTION [Doc. 433]

---

Defendant-Appellant Mark J. Zimny submits the following arguments in opposition to the government's motion to revoke the order releasing Zimny pending final disposition of his direct appeal.

I. <u>The Court Has Discretion To Continue Mr. Zimny's Release Pending The Disposition Of His Petition For A Writ Of Certiorari</u>.

The government's November 17, 2017 Motion To Revoke Conditions Of Release And To Order Detention Pursuant to 18 U.S.C. §§3143(b) (sic) is actually another motion for reconsideration of this Court's June 13, 2017 Order setting conditions of the release ordered on May 16, 2017 by the Court of Appeals. The two orders combined released Zimny pending final disposition of his appeal. The motion that the Court of Appeals and this Court acted on was the April 11, 2017 Appellant Mark Zimny's Third Renewed Motion For Release From Custody Pending Appeal And Supporting

1

Memorandum [United States Court of Appeals No. 15-2144, Doc. 0117140785, in which Zimny requested release "pending final disposition of his appeal." [p. 9]. See, United States v. Zimny(II), 857 F3d 97, 101 (1ˢᵗ Cir. 2017)["Accordingly, we grant the motion and remand to the district court for determination of the appropriate conditions of release"]. Thus, the duration of the order is through the final disposition of Zimny's direct appeal. As a matter of law, this period includes the certiorari process.

A defendant's conviction "becomes final" when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction, or the Supreme Court denies a petition for certiorari, or the Court affirms a conviction on direct review. Clay v. United States, 537 U.S. 522, 527 (2003) ["Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"]. That has been the "unvarying understanding of finality" that determines when a conviction "becomes final." Id., at 527-528. Accordingly, the combined orders of the Court of Appeals and this Court released Zimny pending final disposition of his appeal, which will occur when the certiorari process is completed. Clay, supra.

Whether to reconsider a bail order is discretionary with this Court. United States v. Angiulo, 755 F2d 969, 972 (1ˢᵗ Cir. 1985), *citing and quoting* United States v. Black, 543 F2d 35, (7ᵗʰ Cir. 1976)["the same statute which explicitly empowers the district court to impose conditions upon release pending appeal, implicitly empowers the court to make such adjustments in those conditions as circumstances may necessitate"]. Although the government has not labeled it's motion as such, the remedy

it seeks is reconsideration of an order that is currently in effect and will continue to be in effect through the certiorari process. Clay, supra. The only reason the government has given for revoking Zimny's release is that "Zimny is no longer eligible for bail pursuant to 18 U.S.C. §3143(b) because his appeal is no longer pending." Motion, ¶7. As Zimny has just demonstrated, the certiorari process is part of his direct appeal, and the fact that the Court of Appeals had ruled and issued its mandate did not cut that process short. In fact, the possibility that these events would occur while Zimny was on release was foreseen or foreseeable by both parties and both courts involved in the litigation that led to his release. Accordingly, their occurrence is not a sound reason for reconsideration of the release orders.

In general, reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortgage*, 465 F3d 24, 30 (1st Cir. 2006). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id. The decision whether to reconsider is reviewed for abuse of discretion.[1] Id. The sole basis for the government's motion is that the facts have changed, but the change was foreseeable by the government and both courts when Zimny's release was being litigated and decided. The government is making an argument that was available to it at that time: "It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and

---

[1] If the Court reconsiders and revises the release decision, the First Circuit will provide independent review with deference to the Court's reasoning. *United States v. O'Brien*, 895 F2d 810, 812 (1st Cir. 1990).

3

should) have been presented prior to the district court's original ruling." *Markel Am. Ins. Co.. v. Diaz-Santiago*, 674 F3d 21, 32-33 (1st Cir. 2012)["motions 'are aimed at **re** consideration, not initial consideration"] . A court should reject a party's attempt to "ante up and play a new hand when (it) is long past being a day late and well over a dollar short." *Id*.

In the current circumstances, it is appropriate for this Court to leave its current order in place. Zimny's counsel is preparing a serious petition for a writ of certiorari on his assertion that his right to counsel of choice was violated when the Court denied his motions to postpone the start of his trial to permit Attorney Kevin Reddington to carry out his functions as lead trial counsel. Counsel will be assisted in this effort by Attorney Jeffrey T. Green, of Sidley Austin LLP and the Northwestern University Law School Supreme Court Practicum. Attorney Green is a partner at Sidley Austin who specializes in Supreme Court and appellate work and founded Sidley's Supreme Court Pro Bono Program 20 years ago. He argued Gall v. United States, 552 U.S. 38 (2007) and Nguyen v. United States, 539 U.S. 69 (2003), and was co-counsel in Shepard v. United States, 544 U.S. 13 (2005) with Zimny's undersigned counsel. Attorney Green has participated in other Supreme Court litigation, including Lafler v. Cooper, 566 U.S. 106 (2012); Southern Union Co. v. United States, 567 U.S. 343 (2012); United States v. Booker, 543 U.S. 220 (2005); Apprendi v. New Jersey, 530 U.S. 466 (2000); and Dickerson v. United States, 530 U.S. 428 (2000). Zimny's petition to the Supreme Court is a serious undertaking, not undertaken to delay his return to prison. The duration of this Court's release order is already keyed to the success or failure of that effort, as demonstrated above.

II. <u>Mr. Zimny Still Meets The Requirements Of The Section 3142(b) Substantiality Prong</u>.

Zimny's petition for certiorari will be worthy of Supreme Court consideration. In presenting his claim that the district court violated his Sixth Amendment right to chosen counsel, Zimny argued that the district court's decision to deny a brief postponement of his trial date was a Sixth Amendment event that had to be evaluated in a Sixth Amendment framework that has been established by Supreme Court precedent. *United States v. Zimny(III)*, 873 F3d 38, 2017 U.S. App. LEXIS 19122, *39-*40 (1st Cir. 2017)[2]. He argued that the district court's stated reasons for denial did not outweigh his right to chosen counsel. Appellant's Brief, 18-25; Appellant's Reply Brief, 1-20. He argued these points again in his Petition for Rehearing. Doc. # 6126169, pp. 1-15. His chosen counsel claim has been fully and thoroughly presented to the Court of Appeals, and will be the sole issue presented in his certiorari petition.

Zimny's preliminary formulation of the "Questions Presented" for his certiorari petition is:

QUESTIONS PRESENTED

In *Wheat v. United States*, 486 U.S. 153 (1988), the Court held that, where a matter before a court puts the ability of a defendant to exercise his right to chosen counsel into question, in weighing the right of the

---

[2] "In particular, Zimny insists that the district court 'fail[ed] to acknowledge that Zimny's Sixth Amendment right to be represented by counsel was at stake'; 'failed to implement the Wheat presumption'; and 'failed to exercise its judgment within the limitations of the Sixth Amendment'." *Zimny (III)*, at *39.

defendant against countervailing interests, the court must apply a presumption in favor of the right to chosen counsel.

In *Luis v. United States*, 136 S.Ct. 1083 (2016), the Court held that the constitutionality of an order that indirectly prevents a defendant from exercising her right to counsel of choice must be assessed within a Sixth Amendment framework, by balancing the right to chosen counsel against the countervailing interest asserted as a justification for denying it.

> I. Where a defendant represented by privately retained counsel timely asks for a brief postponement of his trial date to enable him to be represented by his chosen counsel who is prepared for trial but has an unexpected and unavoidable scheduling conflict, must the trial court decide that motion within the *Wheat* and *Luis* framework, by implementing the *Wheat* presumption in favor of representation by chosen counsel and the *Wheat/Luis* framework of balancing the Sixth Amendment right against the countervailing interests asserted as justification for denying the continuance?
>
> II. If so, by what standard must the trial court determine the weight to give to the circumstances that militate against granting a continuance in the particular case?

While this formulation will almost certainly evolve in the process of developing Zimny's petition for a writ of certiorari, in its present form it provides a solid basis for demonstrating that his petition will present an issue that is cert-worthy.

The Supreme Court has noted that its holdings establishing the right to counsel of choice as a fundamental right is likely to conflict with discretionary powers reserved to trial courts in the management of day-to-day business. In *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150-151 (2006), the Court held that the right to chosen private counsel is fundamental, and that the wrongful denial of this right constitutes

structural error. At the same time, the Court noted that a number of factors may justify court actions that limit a defendant's ability to fully exercise this right, and reserved judgment on how these factors should be balanced against this right:

> None of these limitations on the right to choose one's counsel is relevant here. This is not a case about a court's power to enforce rules or adhere to practices that determine which attorneys may appear before it, or to make scheduling and other decisions that effectively exclude a defendant's first choice of counsel. However broad a court's discretion may be, the Government has conceded that the District Court here erred when it denied respondent his choice of counsel. Accepting that premise, we hold that the error violated respondent's Sixth Amendment right to counsel of choice and that this violation is not subject to harmless-error analysis.

548 U.S. at 152. One of the potentially limiting factors the Court specifically mentioned is "a trial court's wide latitude in balancing the right of counsel of choice against the needs of fairness . . . and against the demands of its calendar." *Id*. Zimny's claim is that neither the District Court nor the Court of Appeals engaged in the required balancing analysis. Thus Zimny's petition will present an issue that the Court has noted but left undecided, a circumstance that may increase the likelihood that the Court will find it worthy of review. See, e.g., *Gray v. Maryland*, 523 U.S. 185, 191-192 (1998), addressing a question noted and left open in *Richardson v. Marsh*, 481 U.S. 200, 211 n. 5 (1987).

The possibility that the Court may consider this open question an important and recurring one is heightened by the involvement of the Northwestern Law School Supreme Court Practicum and principals from the Washington, D.C. office of the Practicum's sponsoring law firm, Sidley Austin LLP. Jeffrey T. Green, Esq., a Sidley

Austin partner and director of the Practicum has agreed to join in representing Zimny in his efforts to obtain certiorari review of his case. See Exhibit A, affidavit of John M. Thompson, Esq. The seriousness of the merits of Zimny's Sixth Amendment claim and the fact that scarce, specialized resources are being invested in his effort to obtain certiorari review, rule out any possibility that he will be filing his petition merely for delay.

Maintaining the status quo by continuing the release order in effect through the certiorari process is an appropriate prudential action for this Court to take. Zimny was released June 13, 2017 and has assiduously complied with the terms and conditions of his release since then. He has repeatedly demonstrated that he does not pose a risk of flight, and there really is no bona fide dispute on that point. *United States v. Zimny(II)*, 857 F3d 97, 99 (1st Cir. 2017)["Zimny convincingly argues that he is not a flight risk or danger to the community. Indeed, the government does not contend otherwise"]. There is no urgent need to return Zimny to prison at the first possible moment. The government will lose nothing if the Court continues Zimny's release through the certiorari process.

III. <u>The Court Should Continue Mr. Zimny's Release On Present Terms And Conditions</u>.

Coincidentally, the issue of Zimny's continued release has arisen on the eve of the Christmas and New Year holidays. He is the father of three young boys and has worked assiduously during his release to provide for their financial support. Zimny has complied to the letter with the terms of his release, reporting in person weekly to

Pretrial Services Officer Adriana Corona-Buergo of the United States District Court for the Central District of California. He is in close contact with undersigned counsel regarding his petition for a writ of certiorari.

Return to prison at this time would impose an emotional hardship on Zimny's children and a severe financial hardship on his family, in light of the impact of the impending holidays. It would also severely impair his ability to meet his financial obligations to his attorneys. Accordingly, Zimny requests that this Court hold this matter in abeyance and not rule on the government's motion until January 5, 2018.

IV. <u>Provisional Request For Stay To Permit Appeal Of Adverse Decision</u>.

In the event the Court reconsiders and, on reconsideration, concludes that Zimny's claims no longer satisfy the statutory criteria, as explained and clarified in *Bayko* and *Zimny(II)*, Zimny requests that it stay its decision for 14 days to permit him to appeal his release status to the First Circuit pursuant to Rule 9(b) of the Rules of Appellate Procedure. This consideration was extended to the defendant in *United States v. Krzyske*, 857 F2d at 1090.

V. <u>Request To Self-Report</u>.

The government asserts that the Designations And Sentence Computation Center of the Bureau of Prisons has informed Assistant United States Attorney Victor Wild that it has designated Mr. Zimny to Taft Correctional Institution at Taft, California, in the event his release is revoked. Motion, ¶8. If the Court revokes his release, Zimny requests that it allow him to self report to Taft not later than February 1, 2018.

VI.  Request For Oral Argument.

To assist the Court in assessing the issues presented by the government's motion and Zimny's opposition, Zimny requests that the Court schedule oral argument in this matter.

## CONCLUSION

Zimny requests that the Court continue its release order through the conclusion of the certiorari process.  Alternatively, he requests that the Court hold this matter in abeyance through the upcoming holiday period, and postpone ruling until January 5, 2018.  In the event the Court decides to grant the government's motion to revoke Mr. Zimny's release, he requests that he be allowed to self-report to FCI Taft no later than February 1, 2018.

        Respectfully submitted,
        APPELLANT MARK J. ZIMNY

By /s/ John M. Thompson
    John M. Thompson
    Federal Bar No. 25176
    Thompson & Thompson, P.C.
    1331 Main Street, Ste. 320
    Springfield, MA 01103
    [413] 739-2100
    habeasjohn@ttpclaw.com

## CERTIFICATE OF SERVICE

      I certify that on December 1, 2017 I filed the foregoing document with the Court via the CM/ECF System, which will cause notice to be delivered electronically to all registered participants, and that I further sent paper copies of the foregoing document to those indicated on the docket as non-registered participants, if any.

                                                /s/ John M. Thompson